Michael H. Artan (State Bar No. 97393)
One Wilshire Boulevard, Suite 2200
Los Angeles, California 90017
Tele: 213/688-0370 Fax: 213/627-9201
Email: michaelartan@yahoo.com

Ambrosio E. Rodriguez (State Bar No. 200880)
The Rodriguez Law Group
626 Wilshire Boulevard, Ninth Floor
Los Angeles, CA 90017
Telephone: 213-995-6767
Email: aer@aerlawgroup.com

Glen T. Jonas (State Bar No. 166038)
Jonas & Driscoll
1108 Sartori Avenue, Suite 320
Torrance, CA 90501
Tele: 213/683-2033 Fax: 310/218-4980
Email: glenjonas@aol.com

*Counsel for Plaintiff*
*Edwin Cruz*

# UNITED STATES DISTRICT COURT,

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN CRUZ, | Case No.: _____ |
|      Plaintiff, | |
|    v. | **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS** **[42 U.S.C. §§ 1983, 1988]** |
| CITY OF BELL GARDENS, a public entity; OFFICER KRAMER, an individual and Officer of the City of Bell Gardens Police Department; and DOES 1 to 20, | **DEMAND FOR JURY TRIAL** |
|      Defendants. | |
| _____/ | |

Plaintiff Edwin Cruz alleges his civil rights were violated as follows:

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

*Jurisdiction and Venue:*

1.     This action for money damages arises under the Civil Rights Acts of 1871, 42 U.S.C. §§ 1983, 1985(3), 1988, the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and other applicable federal and state law.

2.     This Court has jurisdiction over the Federal Claims in this action based on 28 U.S.C. §§ 1331 and 1343.

3.     The unlawful conduct and illegal practices alleged in this complaint were all committed in the Central District of California. Venue therefore lies in this district, pursuant to 28 U.S.C. § 1391(b).

*Parties:*

4.     At all times set forth in this complaint and now, plaintiff Edwin Cruz ("Mr. Cruz" or "Plaintiff") has been an inhabitant of the United States, and a resident within the jurisdiction of the Central District of California.

5.     Defendant City of Bell Gardens ("the City") is a municipality  in the Central District of California and a governmental entity.  The City of Bell Gardens Police Department ("BGPD") is a law enforcement agency of the City.

6.     Based on information and belief, Defendant Officer Kramer—Serial Number 579 ("Officer Kramer") was an Officer of the BGPD at all times relevant to this complaint.

7.     Based on information and belief, Defendant DOE 1 was an Officer of the BGPD at all times relevant to this complaint.

8.     Because Plaintiff is ignorant of the true names and capacities of Does 1 to 20, he is suing these Defendants by these fictitious names.  Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when the true names and capacities are learned. Plaintiff is informed and believes, and on

that basis alleges, that the Doe Defendants acted in concert with all of the named defendants. The Doe Defendants are being sued in their individual and official capacities.

9.     The City also employs all individuals employed by the BGPD, including Officer Kramer and Doe Defendants 1 to 20. At all times relevant to this Complaint, Officer Kramer and Doe Defendants were duly appointed, duly hired and acting as Police Officers of the City, acting under color of law and under color of statutes, ordinances, regulations, policies, customs and usages of the State of California and the City. Plaintiff was deprived of interests protected by the United States Constitution and laws of the United States, and each and every defendant caused, by commission or omission, these deprivations while acting under color of law.

10.   Officer Kramer and Doe Defendants, and each of them, acted as alleged in this complaint, as individuals, and they also acted under color, authority, and pretense of the laws, statutes, regulations, customs and usage of the State of California, the City, and under the authority of their official capacities.

11.   Plaintiff is informed and believes, and on that basis alleges, that each and every act alleged in this complaint was done by Officer Kramer and the Doe Defendants in the execution and implementation of the official policy, practice and custom of the City and the BGPD.  Plaintiff is informed and believes, and on that basis alleges, that at all times set forth in this complaint each of the individual defendants were the agent or the employee of the remaining defendants, and in doing the acts alleged below, were acting within the scope of his or her agency or employment.

12.   The acts and omissions complained of in this action (except the City) were engaged in maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights violated, despicably, and with evil motive and intent, in disregard of the rights of the Plaintiff.

13.   In violation of 42 U.S.C. § 1983, each individual Defendant conspired with the other in order to deprive Plaintiff of his rights as set forth in this action.

***Facts Common to All Claims for Relief:***

14.   On November 24, 2018, in the afternoon, Plaintiff Edwin Cruz was driving his mother's Nissan Pathfinder vehicle eastbound on Florence Avenue in the area of Kress avenue and noticed a City of Bell Gardens police vehicle (Vehicle One) going westbound on Florence Avenue. [The Nissan was owned and registered to Plaintiff's mother Lucrecia Cruz.]

15.   Vehicle One passed Plaintiff—going in the opposite direction, made a u-turn and proceeded in  the same direction as Plaintiff.

16.   Plaintiff continued eastbound on Florence Avenue and arrived at 7301 Florence Avenue, Downey, CA 90240, the apartment complex where he resided with his mother and sister, Kimberly Cruz. While at the entry driveway, waiting for the entry gate to open, Vehicle One drove up behind Plaintiff. Officer One[1], who was driving Vehicle One, came out of Vehicle One, with his gun drawn and yelled at Plaintiff to get out and put his hands up. Knowing he had done nothing to warrant Officer One's command, Plaintiff asked why he was being pulled over. Officer One yelled "Put your fucking hands up." Plaintiff obliged and put his hands up through the drivers' side window, with his middle fingers pointing out. Officer One called for backup and was soon joined by a number of other officers. Other officers also had their guns drawn.

17.   Officer One commanded Plaintiff to open the car door and Plaintiff did as commanded. Officer One handcuffed Plaintiff and put Plaintiff on his knees. Plaintiff told the officers he had a suspended drivers' license.

---

[1] Plaintiff is aware on information and belief that Officer Kramer was one of the two officers mainly involved in this incident; Doe 1 was the other officer. Because Plaintiff is unaware of which officer was acting in each role, the two officers will be referred to as Officer One and Officer Two.

18.   Officer One asked whether he would find any weapons if he searched the Nissan; Plaintiff said he would not, but never gave permission to search the Nissan. Plaintiff told the officers he had a "paralyzed stomach" (which is formally called gastroparesis) and was diabetic. [Diabetes related gastroparesis is a very serious condition that Plaintiff suffers.] Plaintiff also stated he had a "Tens Unit" to treat his condition and the Tens Unit was in the Nissan. Plaintiff asked that the Tens Unit be handed over to his mother. [Plaintiff's mother was by now present at the scene, with Plaintiff's sister, both of whom lived with Plaintiff.] The officers did not turn over the Tens Unit. Officer One, and other officers, were nearby and in a position where they would have heard Plaintiff explain his physical infirmity.

19.   Plaintiff was seated on the back seat of another officer's police vehicle (Officer Two). Plaintiff said he was feeling sick and spit on the ground nowhere near any officer. One of the officers said if you spit on me "I'll fuck you up."

20.   The officers searched the Nissan despite Plaintiff having given no permission. Nothing illegal was found in the Nissan.

21.   Officer Two drove Plaintiff to the Bell Gardens Police station at 7100 Garfield Avenue. During the drive, Plaintiff made statements to Officer Two which could be construed as demeaning. Officer One drove Vehicle One to the the Bell Gardens Police station and met Officer Two in the station parking lot. Officer One and Officer Two got out of their vehicles and spoke to each other. Plaintiff was able to hear what they said: Officer One told Officer Two to wait until he was in the elevator and then bring him (Plaintiff) in.

22.   Officer One then went into the station. Officer Two then took Plaintiff— still handcuffed, into the elevator, and Officer One was awaiting them. Officer Two put Plaintiff in the elevator and left Plaintiff alone with Officer One. Officer One told Plaintiff to face the wall. Officer One complained to Plaintiff that he "talked shit" to his partner. Officer One then hit Plaintiff on the back of his head six or seven times. Plaintiff reflexively turned and Officer One hit Plaintiff in the

face and elsewhere. Officer One grabbed Plaintiff by the shirt and tripped Plaintiff. With Plaintiff now on the elevator floor, Officer One kicked Plaintiff and stomped on Plaintiff's stomach—knowing of Plaintiff's paralyzed stomach. Officer One placed both of his feet on Plaintiff's head and said "Beg me to stop."

23.   It later became known Officer One's beating resulted in a broken bone in Plaintiff's face. The beating also resulted in bruising over his body and a swollen, injured knee. It also came to be determined Plaintiff suffered injury and regression concerning his gastroparesis.

24.   Officer One then pulled Plaintiff up and taunted Plaintiff, "Keep running your fucking mouth."

25.   Officer One then engaged the elevator and they went up one floor to the jailer. The jailer saw that Plaintiff was beaten and asked what happened. Plaintiff said words to the effect of "the officer fucked [him] up." The jailer said words to the effect of, "that's not supposed to happen."

26.   Plaintiff was taken to a room/cell. He sat on the bed, in a daze from the beating he endured from Officer One. Plaintiff sneezed; his eye swelled up and he spit blood onto the floor.  He was feeling sick and believed his blood sugar was low.

27.   Plaintiff called for help. He said he felt bad, reiterated having diabetes and said he was bleeding. A superior officer came by. Within about 30 minutes Plaintiff was released with a Notice to Appear for an alleged violation of Vehicle Code section 14601.1, driving on a suspended license.

28.   Plaintiff said he needed an ambulance. An ambulance was called and Plaintiff was taken to Community Hospital of Huntington Park, at 2623 Slauson Ave, Huntington Park, CA 90255. After a series of tests, scans and imaging, Plaintiff was transferred to Cedars-Sinai Medical Center, 8700 Beverly Boulevard, Los Angeles, CA 90048, by ambulance. At Cedars-Sinai, more testing, scans and imaging was done. Treatment was administered. It was determined Plaintiff had a

broken bone in his face just below his left eye. Rather than perform surgery, Plaintiff was kept in the hospital for approximately one week.

29.   Plaintiff could not open his eye for about a day following the incident. He was gradually able to open his eye. Plaintiff's vision was greatly affected and he was unable to see well for about two weeks.

30.   Plaintiff required continued treatment for his gastroparesis—the exacerbated injury in this regard has still not resolved and Plaintiff is suffering greatly even now. Plaintiff also required follow-up examination and recuperation. Plaintiff was treating with the USC Keck School of Medicine, and others.

31.   In addition, Plaintiff has endured suffering which includes but is not limited to: anxiety, sleeplessness, issues with sexual functioning, bruising, seizures, cold sweats, reduced ability to eat, throwing up blood, stabbing stomach pain, humiliation, heightened fear of being unable to recover from a relapse into past intense bouts of gastroparesis. As to the gastroparesis, Plaintiff had previously suffered extreme levels of gastroparesis and the condition began to improve after several years of treatment; the beating and assault by Officer One resulted in a regression of these symptoms, Plaintiff generally must sleep upright, and even then for limited periods and his diet is extremely limited due to Officer One's assault.

32.   Plaintiff missed nearly three weeks of work initially; his job was based on sales commissions, so he lost income for that period. Since then, his sleeplessness and other injuries have limited his work to about half the days he was able to work before, yielding an additional loss of income.

33.   Plaintiff has also endured feelings of anxiousness, fear, anger and upset when encountering police or hearing sirens.

34.   As a result of the Officers' actions, Plaintiff has suffered and continues to suffer severe physical injury, severe emotional distress and severe psychological injuries, and he continues to suffer the physical manifestations of his emotional and psychological distress.

35.   The Nissan vehicle was impounded and $800.00 in impound fees needed to be paid for release of the vehicle.

36.   During the periods Mr. Cruz was kept in custody, he was increasingly upset, anxious and distressed; he had done nothing illegal. Mr. Cruz had been illegally arrested, and restrained in a manner that amounted to excessive force. Mr. Cruz's conditions of confinement were harsh. Mr. Cruz's emotional and psychological distress and injuries continue to this day.

37.   On May 22, 2019, Plaintiff filed a Claim to the City which included the same facts, circumstances and matters as in this Complaint; this Claim was denied by the City on August 12, 2019, and notice of the denial was sent by the City on August 13, 2019.

## FIRST CLAIM FOR RELIEF

### (Against all defendants for false arrest pursuant to 42 U.S.C. Section 1983)

38.   Plaintiff re-alleges and incorporates by reference in this Claim for Relief, each allegation set forth in paragraphs 1 through 37 above.

39.   In acting as described in paragraphs 1 through 37 above, each of the Defendants, acting under color of the statutes, regulations and ordinances of the State of California, and the City of Bell Gardens, negligently, recklessly, intentionally and in bad faith, deprived Plaintiff of the rights, privileges, and immunities secured and guaranteed to him by the United States Constitution and other laws of the United States as follows:

    a.   The Defendants deprived Plaintiff of his right to be free of unreasonable searches and seizures, as set forth and assured by the Fourth and Fourteenth Amendments of the United States Constitution, by seizing and arresting Plaintiff, and causing Plaintiff to be held in custody.

    b.   The Defendants conspired with each other in the deprivation of Constitutional rights which are the subject of 42 U.S.C. § 1983.

Specifically, this conspiracy included an illegal agreement to falsely arrest Plaintiff and an illegal agreement to make false statements and create false written reports in an apparent attempt to avoid prosecution, discipline, termination or civil liability.

c. The Defendants maliciously sought the prosecution of Plaintiff by presenting false report materials and/or verbal reporting; notwithstanding the Defendants' false statements and misrepresentations, the charges against Plaintiff were dismissed in a manner which was a favorable termination, on the merits, of the prosecution against Plaintiff.

d. The Defendants deprived Plaintiff of his rights under the United States Constitution for other reasons as stated in paragraphs 1 through 37 above.

40.   Plaintiff's rights as described above were clearly established at the time of the violations and wrongful conduct alleged in this Complaint; and Defendants knew, or should have known, of Plaintiff's rights, and knew, or should have known, that their wrongful and illegal conduct violated Plaintiff's rights.

41.   As a direct, proximate and legal result of the above illegal and wrongful acts of defendants, and each of the defendants, Plaintiff suffered and continues to suffer injury, damage, and loss, including, but not limited to the following, in amounts which will be proven at trial:

a. Loss of liberty.

b. Severe physical injuries, which still continue.

c. Severe emotional distress which still continues.

d. Severe psychological distress and injury which still continues.

e. Public degradation and obloquy.

f. Lost income.

g. Injury to his reputation.

h. Legal fees and costs.

42. Except for claims of punitive and exemplary damages, the facts alleged in this action makes the City liable for the conduct of the individual Defendants as described in this Claim for Relief.

43. Plaintiff is entitled to attorney fees pursuant to 42 U.S.C. § 1988.

44. The above described acts by the *individual* defendants were willful, oppressive, intentional and malicious; punitive and exemplary damages are therefore warranted to make an example of and punish the individual defendants, in amounts that will be proven at trial.

## <u>SECOND CLAIM FOR RELIEF</u>

**(Against all defendants for excessive force pursuant to 42 U.S.C. Section 1983)**

45. Plaintiff re-alleges and incorporates by reference in this Claim for Relief, each allegation set forth in paragraphs 1 through 44 above.

46. In acting as described in paragraphs 1 through 44 above, each of the Defendants, acting under color of the statutes, regulations and ordinances of the State of California, and the City of Bell Gardens, negligently, recklessly, intentionally and in bad faith, deprived Plaintiff of the rights, privileges, and immunities secured and guaranteed to him by the United States Constitution and other laws of the United States as follows:

    a. The Defendants deprived Plaintiff of his right to be free of unreasonable searches and seizures, as set forth and assured by the Fourth and Fourteenth Amendments of the United States Constitution, by using excessive and illegal force against Plaintiff.

    b. The Defendants deprived Plaintiff of his rights under the United States Constitution for other reasons as stated in paragraphs 1 through 44 above.

47. Plaintiff's rights as described above were clearly established at the time of the violations and wrongful conduct alleged in this Complaint; and Defendants

knew, or should have known, of Plaintiff's rights, and knew, or should have known, that their wrongful and illegal conduct violated Plaintiff's rights.

48.    As a direct, proximate and legal result of the above illegal and wrongful acts of defendants, and each of the defendants, Plaintiff suffered and continues to suffer injury, damage, and loss, including, but not limited to the following, in amounts which will be proven at trial:

        a.  Loss of liberty.

        b.  Severe physical injuries, which still continue.

        c.  Severe emotional distress which still continues.

        d.  Severe psychological distress and injury which still continues.

        e.  Public degradation and obloquy.

        f.  Lost income.

        g.  Injury to his reputation.

        h.  Legal fees and costs.

49.   Except for claims of punitive and exemplary damages, the facts alleged in this action makes the City liable for the conduct of the individual Defendants as described in this Claim for Relief.

50.   Plaintiff is entitled to attorney fees pursuant to 42 U.S.C. § 1988.

51.   The above described acts by the *individual* defendants were willful, oppressive, intentional and malicious; punitive and exemplary damages are therefore warranted to make an example of and punish the individual defendants, in amounts that will be proven at trial.

## THIRD CLAIM FOR RELIEF

### (Against the Defendant City pursuant to
### 42 U.S.C. Section 1983—*Monell* Liability)

52.    Plaintiff re-alleges and incorporates by reference in this Claim for Relief, each allegation set forth in paragraphs 1 through 51 above.

53.    Plaintiff is informed and believes, and on that basis alleges, that at all times prior to November 24, 2018, the City and BGPD permitted, encouraged, tolerated, and ratified a pattern and practice by its employees, including Officer Kramer and Doe Defendants, of making false arrests, engaging in unreasonable searches and seizures, utilizing unreasonable force against citizens, and improperly intimidating and threatening citizens.

54.    The City and BGPD knew or should have known, or were deliberately indifferent to, and failed to appropriately monitor, supervise and discipline law enforcement employees for illegal conduct.

55.    Plaintiff is informed and believes, and on that basis alleges, that the above acts, omissions and systematic deficiencies are policies, practices and customs of the City and BGPD; as such, the City and BGPD caused their employees, including Officer Kramer and Doe Defendants, to disregard the rules and laws governing the standards for treatment of citizens suspected of crimes. The City and BGPD led their employees to believe that their treatment of citizens would not be honestly and properly investigated and appropriately disciplined, all with the known and foreseeable result that law enforcement personnel are more likely to illegally treat citizens suspected of crimes.

56.    Plaintiff is informed and believes, and on that basis alleges, that the above acts, omissions and systematic deficiencies are policies, practices and customs of the City and BGPD; as such, the City and BGPD caused their employees to disregard the rules and laws governing standards for making proper arrests. Instead, the City and BGPD led their employees to believe that false arrests would not be honestly and properly investigated and appropriately disciplined, all with the known and foreseeable result that law enforcement personnel are more likely to act unreasonably to falsely arrest citizens.

57.    As a direct, proximate and legal result of the above illegal and wrongful acts, omissions, systematic deficiencies, policies, practices and customs of the City

and BGPD, Officer Kramer and Doe Defendants 1 to 20, and each of them, intimidated, attacked, threatened, arrested, jailed and searched Plaintiff illegally.

58.     As a direct, proximate and legal result of the above illegal and wrongful acts, omissions, systematic deficiencies, policies, practices and customs of the City and BGPD, Officer Kramer and Doe Defendants 1 to 20, and each of them caused the Plaintiff to be subject to unreasonable searches and seizures.

59.     As a direct, proximate and legal result of the above illegal and wrongful acts, omissions, systematic deficiencies, policies, practices and customs of the City and BGPD, Officer Kramer and Doe Defendants 1 to 20, and each of them caused the Plaintiff to be falsely arrested and caused the incarceration of Plaintiff.

60.     As a direct, proximate and legal result of the above illegal and wrongful acts, omissions, systematic deficiencies, policies, practices and customs of the City and BGPD, Officer Kramer and Doe Defendants 1 to 20, and each of them caused the Plaintiff to be subject to unreasonable use of force during the November 24, 2018 arrest.

61.     Plaintiff is entitled to attorney fees pursuant to 42 U.S.C. § 1988.

62.     As a direct, proximate and legal result of the above illegal and wrongful acts of defendants, and each of the defendants, Plaintiff suffered and continues to suffer injury, damage, and loss, including, but not limited to the following, in amounts which will be proven at trial:

        a.  Loss of liberty.

        b.  Severe physical injuries, which still continue.

        c.  Severe emotional distress which still continues.

        d.  Severe psychological distress and injury which still continues.

        e.  Public degradation and obloquy.

        f.  Lost income.

        g.  Injury to his reputation.

        h.  Legal fees and costs.

## FOURTH CLAIM FOR RELIEF

### (Against all defendants pursuant to California Civil Code section 52.1)

63.   Plaintiff re-alleges and incorporates by reference in this Claim for Relief, each allegation set forth in paragraphs 1 through 62 above.

64.   In acting as described in paragraphs 1 through 62 above, each of the Defendants, acting under color of the statutes, regulations and ordinances of the State of California, and the City of Bell Gardens, negligently, recklessly, intentionally and in bad faith, deprived Plaintiff of the rights, privileges, and immunities secured and guaranteed to him by the United States Constitution, the California Constitution, other laws of the United States, and other laws of California—including California Civil Code section 52.1; in doing so, the Defendants, and each of them, interfered, and attempted to interfere, by threats, intimidation and coercion, with the exercise and enjoyment of Plaintiff's constitutional rights as follows:

> a.  The Defendants deprived Plaintiff of his right to be free of unreasonable searches and seizures, as set forth and assured by the Fourth and Fourteenth Amendments of the United States Constitution, by using excessive and illegal force against Plaintiff.
>
> b.  The Defendants deprived Plaintiff of his rights under the United States Constitution for other reasons as stated in paragraphs 1 through 62 above.

65.   Plaintiff's rights as described above were clearly established at the time of the violations and wrongful conduct alleged in this Complaint; and Defendants knew, or should have known, of Plaintiff's rights, and knew, or should have known, that their wrongful and illegal conduct violated Plaintiff's rights.

66.   As a direct, proximate and legal result of the above illegal and wrongful acts of defendants, and each of the defendants, Plaintiff suffered and continues to

suffer injury, damage, and loss, including, but not limited to the following, in amounts which will be proven at trial:

    a.  Loss of liberty.

    b.  Severe physical injuries, which still continue.

    c.  Severe emotional distress which still continues.

    d.  Severe psychological distress and injury which still continues.

    e.  Public degradation and obloquy.

    f.  Lost income.

    g.  Injury to his reputation.

    h.  Legal fees and costs.

67.  Except for claims of punitive and exemplary damages, the facts alleged in this action makes the City liable for the conduct of the individual Defendants as described in this Claim for Relief.

68.  Plaintiff is entitled to attorney fees pursuant to 42 U.S.C. § 1988.

69.  The above described acts by the *individual* defendants were willful, oppressive, intentional and malicious; punitive and exemplary damages are therefore warranted to make an example of and punish the individual defendants, in amounts that will be proven at trial.

WHEREFORE, Plaintiff prays for judgment in the amount of $10 Million and relief as to all claims for relief as follows:

    1.  General and special damages according to proof;

    2.  Exemplary and punitive damages as to the defendants who are individuals, [not the public entity defendants] according to proof;

    3.  Costs and reasonable attorney fees pursuant to 42 U.S.C. section 1988, and any other applicable statute or authority;

4.   Costs of suit; and

5.   Any further relief the Court deems just and proper.

Respectfully submitted,

Dated:  February 7, 2020          /s/ Michael H. Artan

_____

Michael H. Artan
*Counsel for Plaintiff,*
*Edwin Cruz*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial as to all issues and claims that may be tried to a jury.

Respectfully Submitted,

Dated: February 7, 2020                    /s/ Michael H. Artan

_____

Michael H. Artan
*Counsel for Plaintiff,*
*Edwin Cruz*